**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO:**

VERED WEINSTOCK,

      Plaintiff,

      v.

STORM TIGHT WINDOWS INC.,
a Florida corporation,
LEE BROWN, individually, and
KATHY BROWN, individually

      Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, VERED WEINSTOCK ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, STORM TIGHT WINDOWS INC., ("STW"), LEE BROWN ("L. BROWN"), individually, and KATHY BROWN ("'K. BROWN") (hereinafter collectively referred to as "Defendants"), on behalf of herself and all others similarly situated, and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant, STW, was a Florida for profit corporation located and transacting business within Deerfield Beach, Florida, within the jurisdiction of this Honorable Court.  STW is headquartered and operates its principal location at 500 SW 12th Ave, Deerfield Beach, Florida 33442.

4. Defendant, STW, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

5. Upon information and belief, during all times material hereto, Defendant, L. BROWN, was a resident of the Southern District of Florida.

6. During all times material hereto, Defendant, L. BROWN was the president and owner of the corporate defendant within Deerfield Beach, Florida.

7. Upon information and belief, during all times material hereto, Defendant, K. BROWN, was a resident of the Southern District of Florida.

8. During all times material hereto, Defendant, K. BROWN was the secretary of the corporate defendant within Deerfield Beach, Florida.

9. During all times material hereto, Defendant, L. BROWN, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, STW, during the relevant time period.

10. During all times material hereto, Defendant, K. BROWN, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control

and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, STW, during the relevant time period.

11. During all times material hereto, Defendant, K. BROWN, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

12. During all times material hereto, Defendant, L. BROWN, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

13. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

14. Defendant, STW, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

15. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

16. Defendant, STW, is a manufacturer, and sells and installs high impact windows and doors throughout the State of Florida and has been operating since at least March 2010.

17. STW also operates in Texas.

## FLSA COVERAGE

18. Defendant, STW, is covered under the FLSA through enterprise coverage, as STW was engaged in interstate commerce during Plaintiff's employment period. More specifically, STW's business and Plaintiff's work for STW affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or

continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.   Accordingly, Defendant, TPC, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

19. During her employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, computer keyboards, glass, telephones, windows, awnings, headsets, pens, pencils, paper, doors, hammers, caulk, caulk guns, drills, screwdrivers, safety glasses, etc.

20. Defendant, STW, regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant, STW an enterprise covered by the FLSA.

21. Upon information and belief, Defendant, STW, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

22. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, STW, L. BROWN and K. BROWN within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

23. Plaintiff began working for Defendants on or about April 4, 2019, and continued to do so until about November 23, 2019.

24. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants as a production coordinator.

25. During all times material hereto, Plaintiff was an hourly employee.

4

26. Plaintiff worked an average of forty-five (45) hours per week throughout his employment with Defendants

27. Plaintiff was an hourly employee whose regular hourly rate was eighteen dollars ($18.00) per hour.

## **INDIVIDUAL EMPLOYER LIABILITY**

28. During pertinent times to Plaintiff's employment, Defendant, L. BROWN, oversaw the day-to-day operations of STW and instructed Plaintiff and other employees on their duties and responsibilities. Defendant, L. BROWN, also controlled the payroll practices and policies of the company.

29. During pertinent times to Plaintiff's employment, Defendant, K. BROWN, also oversaw the day-to-day operations of STW and instructed Plaintiff and other employees on their duties and responsibilities. Defendant, K. BROWN, also controlled the payroll practices and policies of the company.

30. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

31. Defendants refused to pay Plaintiff proper compensation for overtime compensation at the federally mandated rate of time and one half for work exceeding forty (40) hours per week.

32. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

## COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207*
**(Against All Defendants)**

33. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 32 as though set forth fully herein.

34. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

35. From on or about April 4, 2019, until about November 23, 2019, Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

36. Plaintiff claims the time-and-one-half rate for each hour worked in excess of forty (40) per week, during the time period between April 4, 2019 and November 23, 2019.

37. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew of the overtime requirements of the FLSA.

38. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

39. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

40. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.[1]

---

[1] Defendants are no strangers to the FLSA.  STW has been sued for FLSA violations previously and nevertheless still continues to violate federal law.  *See, e.g., S.D. Fla. Case No. 9:12-cv-80917-KMW Stevens v. Storm Tight Windows Inc.; see, also, S.D. Fla. Case No. 9:13-cv-81321-WPD Lasalle, et. al. v. Storm Tight Windows, Inc, et. al.; S.D. Fla. Case No. 0:19-cv-62784-DPG Shor v. Storm Tight Windows Inc.*

41. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, VERED WEINSTOCK, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, STORM TIGHT WINDOWS, INC., LEE BROWN and KATHY BROWN, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorney's fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, VERED WEINSTOCK, requests and demands a trial by jury on all appropriate claims.

**Dated this 6th day of February, 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

7

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 6, 2020.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: