**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO: 20-60256-CIV-SMITH**

VERED WEINSTOCK,

    Plaintiff,

v.

STORM TIGHT WINDOWS INC.,
a Florida corporation,
LEE BROWN, individually, and
KATHY BROWN, individually

    Defendants.
_____/

STORM TIGHT WINDOWS, INC.,
a Florida corporation,

    Counter-Plaintiff

v.

VERED WEINSTOCK,

    Counter-Defendant
_____/

**PLAINTIFF'S MOTION TO APPROVE ACCEPTANCE OF RULE 68 OFFER OF
JUDGMENT AS TO FLSA CLAIM AGAINST DEFENDANTS AND
FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANTS**

Plaintiff/Counter-Defendant, VERED WEINSTOCK ("Plaintiff/Counter-Defendant" or "Ms. Weinstock"), pursuant to this Honorable Court's Order [D.E. 96], hereby files her Motion to Approve Acceptance of Rule 68 Offer of Judgment as to FLSA Claim Against Defendants, and for Entry of Final Judgment Against Defendants, as follows:

I.  **BACKGROUND**

On November 11, 2020, Defendants, STORM TIGHT WINDOWS, INC., LEE BROWN, and KATHY BROWN (collectively referred to as "Defendants") served an Offer of Judgment pursuant to Fed. R. Civ. P. 68 on Plaintiff, VERED WEINSTOCK ("Plaintiff"). *D.E. 82-1.* The Offer of Judgment states as follows:

> Defendants, Storm Tight Windows, Inc., Lee Brown and Kathy Brown, by and through their undersigned counsel, pursuant to Rule 68 Fed.R.Civ.P., hereby offer to allow judgment to be taken against them in favor of Plaintiff, Vered Weinstock, in the amount of $4,000.00, exclusive of costs and attorney's fees, and an additional $25,000.00 for costs and attorney's fees.

*D.E. 82-1.*

The very next day, Plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment. *D.E. 82.* Within her Notice of Acceptance of Defendants' Offer of Judgment, the Plaintiff advised the Court that the Offer of Judgment only allows Plaintiff to take judgment against the Defendants and is silent as to Counts I and II of the Counterclaim filed by Counter-Plaintiff Storm Tight Windows, Inc. against Counter-Defendant Vered Weinstock. *D.E. 82, n. 1 citing* Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-Op., Inc., 298 F.3d 1238 (11th Cir. 2000) ("Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror"). On December 1, 2020, this Honorable Court closed this case pending Magistrate Judge Valle's review of the proposed resolution of Plaintiff's FLSA claim and the Court further reserved jurisdiction to adjudicate any motion for attorney's fees and costs regarding the Counterclaims that were dismissed by Storm Tight Windows, Inc. *D.E. 96.* This motion seeks court approval of Plaintiff's acceptance of the Rule 68 Offer of Judgment as it relates to her FLSA claim against the Defendants and further seeks entry of a final judgment against the Defendants regarding the FLSA claim pursuant to the terms of the Offer of Judgment.

## II.  MEMORANDUM OF LAW

### a. Rule 68 Offer of Judgment

Before the Court can approve a settlement of a compromised FLSA claim, the court must scrutinize the settlement and determine that it is a reasonable resolution of a bona fide dispute over FLSA provisions. *See, e.g.,* Williams v. Janice M. Riley, Inc., 2020 WL 7061552 (S.D. Fla. Nov. 13, 2020) (Valle, M.J.) *citing* Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982) *affirmed and adopted* 2020 WL 7059492 (S.D. Fla. Dec. 2, 2020) (Smith, J.). When a plaintiff's FLSA claim is compromised, acceptance of a Rule 68 offer of judgment does not relieve the Court of its duty to determine where the settlement is a fair and reasonable resolution of a bona fide dispute as required by Lynn's Food Stores, Inc. v. United States, 679 F.2d at 1350. *See, e.g.,* Scippio v. Peopleready, Fla., Inc., 2018 WL 4964636, at *2 (M.D. Fla. 2018); *see, also,* Doherty v. Good Shepherd Day Sch. of Charlotte Cty., Inc., 2019 WL 2177857 at *2 (M.D. Fla. 2019) (courts must still determine whether offer of judgment is fair and reasonable resolution of an FLSA claim) *report and recommendation adopted,* 2019 WL 2173798 (M.D. Fla. 2019). Judicial scrutiny of an FLSA settlement is not necessary, however, where a plaintiff receives the full amount of her claim. *See, e.g.,* Scippio, 2018 WL 4964636 at *2; *see, also,* Pena v. Magaya Corp., 2015 WL 3791732 at *3 (S.D. Fla. 2015) (There is no need for judicial scrutiny where defendant presented plaintiff with an offer of full relief and plaintiff accepted defendant's offer).

In reviewing a settlement, courts consider various factors, including: (i) the possible existence of collusion behind the settlement; (ii) the complexity, expense, and likely duration of the litigation; (iii) the stage of the proceedings and the amount of discovery completed; (iv) the probability of the plaintiff's success on the merits; (v) the range of possible recovery; and (vi) the

opinions of counsel.  *See* <u>Leverso v. S. Trust Bank of Ala. Nat. Assoc.</u>, 18 F.3d 1527, 1530 n. 6 (11th Cir. 1994).

After aggressively litigating the claims in this case through summary judgment, the Defendants served a Rule 68 Offer of Judgment on Ms. Weinstock on November 12, 2020. *D.E. 82-1*.  The Defendants offered to allow Ms. Weinstock to take judgment against them on her FLSA claim in exchange for a payment of $4,000.00 to account for her unpaid wages.  *Id.*  Defendants separately offered to pay attorney fees and costs to the undersigned firm in the amount of $25,000.00.  *Id.*  Notably, Plaintiff had demanded $2,500.00 to resolve her FLSA wage claims before the Offer of Judgment was served by the Defendants.  *D.E. 97-1.*  Defendants acknowledge that they served this Offer of Judgment on Plaintiff to intentionally create a "Hobson's Choice."[1] *D.E. 98.*

The $4,000.00 offered to (and accepted by) Plaintiff is a reasonable compromise of her FLSA claim for a number of a reasons.  Within her Amended Statement of Claim, Ms. Weinstock estimated her alleged unpaid overtime wages at approximately $4,455.00 in unliquidated damages. *D.E. 24*.  Plaintiff's summary judgment pleadings called into question the veracity of STW's timekeeping records.  *D.E. 74.*  Depending on the admissibility of STW's time keeping records, Plaintiff's damages at trial could have varied significantly.  Moreover, on several occasions, Plaintiff demanded $2,500.00 to resolve her FLSA claim with the attorney's fees and costs to be adjudicated by the Court.  *D.E. 97-1.*  Under the terms of the Rule 68 Offer of Judgment, Plaintiff will receive *almost double* what she demanded.  *D.E. 82-1.*  The time, uncertainty, and distractions inherent with proceeding to trial on the FLSA claims during a global pandemic further warranted

---

[1] Hobson's Choice is defined as "an apparently free choice when there is no real alternative" or "the necessity of accepting one of two or more equally objectionable alternatives."  *See* https://www.merriam-webster.com/dictionary/Hobson%27s%20choice.

a resolution of the FLSA claims prior to trial. While the $25,000.00 offered for attorney's fees and costs to Plaintiff's counsel is a significant reduction for what was actually incurred in successfully prosecuting Ms. Weinstock's FLSA claims, the undersigned firm agreed to accept this reduced amount of fees and costs for the FLSA claim, knowing that additional fees and/or costs could be pursued for successfully prevailing on the frivolous Counterclaim that Storm Tight Windows, Inc. filed against Ms. Weinstock during this lawsuit.[2] Plaintiff hereby incorporates the declarations of her counsel at D.E. 97-1 and D.E. 97-2 concerning their relative experience and billable rates and respectfully seeks leave of Court to submit her counsel's lodestars concerning the amount of hours billed in connection with the FLSA claim for further review by the Court in chambers.

### b. Motion for Entry of Final Judgment Against Defendants as to FLSA Claim

An offer of judgment, as contemplated by Rule 68, requires that a judgment be entered in favor of the offeree. *See, e.g.,* Menchise v. Akerman Senterfitt, 532 F.3d 1146-1152-53 (11th Cir. 2008). Because the resolution of the FLSA claim in this lawsuit is fair and reasonable under the circumstances and terms of the Rule 68 Offer of Judgment, Plaintiff moves for a final judgment against all Defendants in the amount of $4,000.00 for Plaintiff, VERED WEINSTOCK, and in the amount of $25,000.00 for her counsel, USA Employment Lawyers - Jordan Richards PLLC.

### III. CONCLUSION

WHEREFORE, Plaintiff/Counter-Defendant, VERED WEINSTOCK, respectfully requests that this Honorable Court enter an order: (a) approving Plaintiff's acceptance of the Rule 68 Offer of Judgment as a fair and reasonable resolution of a bona fide dispute under the FLSA;

---

[2] A Motion for Attorney's Fees and Costs related to the Counterclaim filed by Storm Tight Windows, Inc. is fully briefed and pending adjudication before the Court. *D.E. 97; D.E. 98; D.E. 99.*

(b) approving the $25,000.00 in attorney's fees and costs as reasonable for the time and costs expended in prosecuting Ms. Weinstock's FLSA claims; (c) entering final judgment in favor of VERED WEINTSOCK and against Defendants, STORM TIGHT WINDOWS, INC., LEE BROWN, and KATHY BROWN, as to the FLSA claim; and entering any and all such further relief as may be deemed just and reasonable under the circumstances.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Pursuant to S.D. Fla. L.R. 7.1(a)(3), prior to the filing of the instant motion, the undersigned counsel conferred with counsel for Defendants and asked if there was any opposition to seeking approval of the offer of judgment and a final judgment against the Defendants. Counsel advised that he had no objection to Plaintiff seeking approval of the Rule 68 offer of judgment but reserved the opportunity to object to this actual motion.

**Dated this 11th day of January 2021.**

Respectfully submitted,

**USA EMPLOYMENT LAWYERS**
**JORDAN RICHARDS, PLLC**
*Counsel for Plaintiff/Counter-Defendant*
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 954-871-0050

By:/s/ *Jordan Richards*
**JORDAN RICHARDS, ESQ.**
Fla. Bar No. 108372
**JAKE BLUMSTEIN, ESQ.**
Fla. Bar No. 1017746
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF and served on all counsel of record on this 11th day of January 2021.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**KENNETH L. MINERLEY, ESQUIRE**
Florida Bar No. 521840
ken@minerleyfein.com
lesli@minerleyfein.com
**JACKSON PELLINGRA, ESQUIRE**
Florida Bar No. 1011077
jackson@minerleyfein.com
fileclerk@minerleyfein.com
litigation@minerleyfein.com
**MINERLEY FEIN, P.A.**
1200 N. Federal Highway, Suite 420
Boca Raton, FL, 33432
*Counsel for Defendants/Counter-Plaintiff*