UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60256-SMITH/VALLE

VERED WEINSTOCK,

    Plaintiff,

v.

STORM TIGHT WINDOWS, INC.,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion to Approve Acceptance of Rule 68 Offer of Judgment as to FLSA Claim and for Entry of Final Judgment (the "Motion") (ECF No. 100).[1] United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate resolution. (ECF No. 104). Accordingly, having reviewed the Motion, the response and reply to the Motion (ECF Nos. 101, 102), and being otherwise fully advised in the premises, the undersigned recommends that the Motion be **GRANTED**.

### I.    PROCEDURAL BACKGROUND

On February 6, 2020, Plaintiff filed a one count Complaint against Defendants Storm Tight Windows, Inc., Lee Brown, and Kathy Brown ("Defendants"), alleging a violation of the statutory overtime provisions of the Fair Labor Standards Act ("FLSA"). (ECF No. 1); *see* 29 U.S.C. § 201 *et seq*. On May 28, 2020, Defendants filed their amended answer and affirmative defenses to the

---

[1] Plaintiff also filed an Expedited Motion for Attorney's Fees and Costs, which will be addressed separately by the Court. *See* (ECF No. 97).

1

Complaint, and Defendant Storm Tight asserted counterclaims against Plaintiff for conversion (Count 1) and unjust enrichment (Count 2) (the "Counterclaims"). (ECF No. 42).

On August 14, 2020, Plaintiff filed a Motion for Partial Summary Judgment on her FLSA claim and on Defendant Storm Tight's Counterclaims (the "Motion for Partial Summary Judgment). (ECF No. 65). While the Motion for Partial Summary Judgment was pending, Defendants served their Rule 68 Offer of Judgment on Plaintiff. (ECF No. 82-1).[2] The Offer of Judgment stated:

> Defendants . . . by and through their undersigned counsel, pursuant to Rule 68 Fed. R. Civ. P., hereby offer to allow judgment to be taken against them in favor of Plaintiff . . . in the amount of $4,000.00, exclusive of costs and attorney's fees, and an additional $25,000.00 for costs and attorney's fees.

(ECF No. 82-1 at 1).

In response, Plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment. (ECF No. 82). In the Notice of Acceptance, Plaintiff stated:

> The Offer of Judgment only allows **Plaintiff** to take judgment against the **Defendants** and is silent as to Counts I and II of the Counterclaim filed by [Defendant Storm Tight] against [Plaintiff]. *See, e.g., Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-Op., Inc.*, 298 F.3d 1238 (11th Cir. 2000) ("Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror"). Accordingly, [Defendant Storm Tight's] counterclaims . . . are still alive and ripe for adjudication within the [Plaintiff's] Motion for Summary Judgment. D.E. 65; D.E. 74.

(ECF No. 82 at 1 n.1) (emphasis in original).

---

[2] Rule 68 provides that, at least fourteen days before the date set for trial, a party defending against any claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. Fed. R. Civ. P. 68(a). If, within fourteen days thereafter, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. *Id.*

Subsequently, the District Judge determined that Defendants' Offer of Judgment and Plaintiff's Acceptance of the Offer of Judgment resolved Plaintiff's FLSA claim, but that Defendant Storm Tight's Counterclaims "remained for adjudication."[3] (ECF No. 88 at 1-2). Plaintiff and Defendant Storm Tight then filed a Joint Stipulation to dismiss the Counterclaims with prejudice. (ECF Nos. 94, 95). Consequently, the District Judge administratively closed the case and referred the matter to the undersigned to determine whether the Rule 68 Offer of Judgment is a fair and reasonable resolution of Plaintiff's FLSA claim, as required under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See generally* (ECF Nos. 88, 96).

The instant Motion followed. (ECF No. 100). In their response to the Motion, Defendants indicate that they do not oppose the Motion. (ECF No. 101 at 1). Thus, the unopposed Motion is ripe for adjudication.

## II.     LEGAL STANDARD AND ANALYSIS

Plaintiff's Motion involves the interplay between the provisions of the FLSA and offers of judgment pursuant to Federal Rule of Civil Procedure 68. Generally, before a court can approve a settlement of FLSA claims, the court must scrutinize the settlement and determine whether it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. In reviewing a settlement, courts consider several factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. S. Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531

---

[3] The Court also denied several pending motions without prejudice, including Plaintiff's Motion for Partial Summary Judgment. (ECF No. 88 at 2).

n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores*, 679 F.2d at 1354. In the instant case, however, there is no settlement agreement. Rather, Plaintiff filed a Notice indicating that she accepted Defendants' Offer of Judgment. (ECF No. 82). Nonetheless, the Court has an independent duty to review the terms of the proposed Offer of Judgment in the context of FLSA claims. *See Christopher v. Residential Realty Servs. Corp.*, No. 19-CV-61240, 2019 WL 11506012, at *1 (S.D. Fla. Dec. 10, 2019), *report and recommendation adopted,* No. 19-61240-CIV, 2020 WL 7491558 (S.D. Fla. Apr. 6, 2020) (collecting cases).

Here, the Court has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, including Plaintiff's desire to avoid: (i) the uncertainty of the court's rulings regarding the admissibility of Defendant Storm Tight's time-keeping records, which could have significantly affected/reduced Plaintiff's damage calculations; and (ii) "[t]he time, uncertainty, and distractions inherent with proceeding to trial on the FLSA claims during a global pandemic," all of which "warranted a resolution of the FLSA claims prior to trial." (ECF No. 100 at 4-5). Plaintiff further states that "[u]nder the terms of the Rule 68 Offer of Judgment, Plaintiff will receive *almost double* what she demanded," so that the Offer of Judgment is, on its face, a reasonable compromise of her FLSA claim. *Id.* at 4. Finally, Plaintiff asserts that although the $25,000 offered for attorney's fees and costs to Plaintiff's counsel is "a significant reduction" to the fees and costs actually incurred, Plaintiff's counsel agreed to accept this reduced amount in the hopes of prevailing on a separate motion for fees and costs incurred in defending the Counterclaims. *Id*. at 5.

Against this background, Plaintiff's affirmance of her acceptance of the Offer of Judgment, and a review of the record, the undersigned finds that the Offer of Judgment is a fair and reasonable resolution of a bona fide FLSA dispute between Plaintiff and Defendants. Accordingly, the undersigned recommends that the Motion be **GRANTED**.

## III.   RECOMMENDATION

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that:

1)   Plaintiff's acceptance of the Offer of Judgment be **APPROVED**;

2)   Plaintiff's Motion to Approve Acceptance of Rule 68 Offer of Judgment as to FLSA Claim and for Entry of Final Judgment (ECF No. 100) be **GRANTED**; and

3)   **FINAL JUDGMENT** be **ENTERED** in favor of Plaintiff on the FLSA claim, in accordance with Rule 68.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND ORDERED at Chambers, in Fort Lauderdale, Florida on July 7, 2021.

*[signature]*

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
   All Counsel of Record