UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-60256-SMITH/VALLE

VERED WEINSTOCK,

    Plaintiff,

v.

STORM TIGHT WINDOWS, INC.,
et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff/Counter Defendant's Expedited Motion for Attorney's Fees and Costs (the "Motion") (ECF No. 97).[1]  United States District Judge Rodney Smith has referred the Motion to the undersigned for appropriate resolution. (ECF No. 104). Accordingly, having reviewed the Motion, the response and reply to the Motion (ECF Nos. 98, 99), and being otherwise fully advised in the premises, the undersigned recommends that the Motion be **DENIED**.

### I.    BACKGROUND

The procedural background of this case is set forth in the undersigned's recently filed Report and Recommendation on Plaintiff's Motion to Approve Acceptance of Rule 68 Offer of Judgment as to FLSA Claim and for Entry of Final Judgment against Defendants, and is

---

[1] Throughout this Report, the undersigned refers to Vered Weinstock as "Plaintiff" and to Defendant Storm Tight Windows as "Defendant" or "Defendant STW."  The plural term "Defendants" refers to all defendants in Plaintiff's FLSA claim: STW, Lee Brown, and Kathy Brown.

incorporated herein. *See* (ECF Nos. 100, 110). Relevant to the instant Motion, on November 12, 2020, Defendants served a Rule 68 Offer of Judgment on Plaintiff. (ECF No. 82-1). One day later, Plaintiff filed a Notice of Acceptance of Defendants' Offer of Judgment. (ECF No. 82). In the Notice of Acceptance, Plaintiff stated:

> The Offer of Judgment only allows **Plaintiff** to take judgment against the **Defendants** and is silent as to Counts I and II of the Counterclaim filed by [Defendant STW] against [Plaintiff]. *See, e.g., Utility Automation 2000, Inc. v. Choctawhatchee Elec. Co-Op., Inc.*, 298 F.3d 1238 (11th Cir. 2000) ("Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror"). Accordingly, [Defendant STW's] counterclaims . . . are still alive and ripe for adjudication within the [Plaintiff's] Motion for Summary Judgment.

(ECF No. 82 at 1 n.1) (emphasis in original).

Subsequently, the District Judge confirmed that Defendants' Offer of Judgment and Plaintiff's Acceptance of the Offer of Judgment resolved Plaintiff's FLSA claim, but that Defendant STW's counterclaims "remained for adjudication." (ECF No. 88). On December 1, 2020, Plaintiff and Defendant STW filed a Joint Stipulation to dismiss Defendant's counterclaims with prejudice. (ECF Nos. 94, 95). Subsequently, the undersigned issued a Report recommending to the District Judge that Plaintiff's Acceptance of the Offer of Judgment be approved and for entry of final judgment in the amount of $4,000 against all Defendants plus $25,000 in attorneys' fees and costs on Plaintiff's FLSA claim. (ECF No. 110).

Presently before the Court is Plaintiff's motion for additional fees and costs incurred in defending Defendant STW's counterclaims. (ECF No. 97). More specifically, Plaintiff seeks $68,163.75 in attorneys' fees pursuant to Fla. Stat. § 448.08, 28 U.S.C. § 1927, or the Court's

inherent authority. *Id.* at 7-11, 14, 20. In addition, Plaintiff seeks $3,428.35 in costs, pursuant to Federal Rule of Civil Procedure 54(d)(1).[2] *Id.* at 19-20.

## II. DISCUSSION

### A. Entitlement to Fees and Costs Generally

Under the "American Rule," litigants generally are not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract. *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 253 (2010) (citations omitted); *In re Martinez,* 416 F.3d 1286, 1288 (11th Cir. 2005) (prevailing litigants are generally not entitled to an award of attorneys' fees unless provided by statute or contract). Here, Plaintiff argues that she is entitled to recover fees incurred in defending Defendant STW's counterclaims, pursuant to Fla. Stat. § 448.08, 28 U.S.C. § 1927, or the Court's inherent authority. (ECF No. 97 at 1-11).

Plaintiff also seeks to recover the cost of two depositions, which she claims are related to her defense of the counterclaims. (ECF No. 97 at 19-20). As to costs, Federal Rule of Civil Procedure 54(d) provides that costs—other than attorney's fees—should generally be allowed to the prevailing party. Fed. R. Civ. P. 54(d). The litigant in whose favor judgment is rendered is considered the prevailing party for purposes of Rule 54(d). *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995); *see also Haughton v. SunTrust Bank, Inc.*, 403 F. App'x 458, 459 (11th Cir. 2010). Here, Defendant STW voluntary dismissed its counterclaims with prejudice. Plaintiff asserts, and Defendant does not dispute, that Plaintiff is the prevailing party. (ECF Nos. 97

---

[2] The Motion is inconsistent as to whether Plaintiff seeks only fees or fees and costs pursuant 28 U.S.C. § 1927. *Compare* (ECF No. 97 at 2, 10) (requesting only fees) *with id*. at 11 (summarily requesting fees and costs). Plaintiff is similarly inconsistent in her request for fees and costs under Fla. Stat. § 448.08. *Compare* (ECF No. 97 at 7) (heading requesting only fees) *with id*. at 7-8 (requesting payment of costs). Nonetheless, the undersigned will construe the Motion as requesting fees and costs under both statutes.

at 2, 7, 98); *see also Gil v. Palm Beach Cty. Fla.*, No. 9:17-CV-80996, 2020 WL 434484, at *1 (S.D. Fla. Jan. 28, 2020) ("A defendant is considered a prevailing party if he obtains from a plaintiff a voluntary dismissal with prejudice.") (citing *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007), *Hunt v. Hawthorne Assocs., Inc.,* 119 F.3d 888, 911 & n.63 (11th Cir. 1997)).

### B.     Plaintiff is not Entitled to Fees or Costs under Fla. Stat. § 448.08

Plaintiff seeks an award of attorneys' fees and costs pursuant to Fla. Stat. § 448.08.  (ECF Nos. 97 at 7-8, 99 at 3-4).  Citing to *Ocean Club Community Association, Inc. v. Curtis*, 935 So. 2d 513 (Fla. 3d DCA 2006), Plaintiff argues that "[u]nder Florida law, a prevailing party is entitled to reasonable attorney's fees and costs in claims *concerning payment of wages* . . . [which] includes claims for conversion."  (ECF No. 97 at 7) (emphasis added).  But that is not a correct statement of the law.

Section 448.08 permits the award of reasonable attorneys' fees and costs "to the prevailing party in an *action for unpaid wages.*"  Fla. Stat. § 448.08 (emphasis added).  The language of § 448.08 is clear on its face.  The statutory entitlement to fees is triggered only in an "an action *for back wages.*"  *Murray v. Playmaker Servs., LLC*, 325 F. App'x 873, 874-75 (11th Cir. 2009) (emphasis in original) (citing *Dade Cty. v. Pena,* 664 So. 2d 959 (Fla. 1995) (quotation omitted).  Moreover, *Ocean Club* is factually distinguishable.  *Ocean Club* involves a conversion claim brought by an employee against his former employer for wages that the employee claimed he was owed.  *Ocean Club*, 935 So. 2d at 514.  Here, however, it was Defendant STW (the employer) who filed a counterclaim against Plaintiff (the employee) for conversion and unjust enrichment based on Plaintiff's alleged submission of "inflated time sheets and modification of existing time sheets" that "resulted in her being compensated for dozens of hours [she] never worked."  (ECF No. 42 ¶ 15); *see also id*. ¶¶ 12, 16-17, 20.  On their face, the counterclaims do not set forth an action for

4

unpaid wages, thus rendering § 448.08 inapplicable. *See Alvarez v. Sch. Bd. of Miami-Dade Cty.*, No. 17-CIV-22556, 2021 WL 1520830, at *6 (S.D. Fla. Mar. 3, 2021), *report and recommendation adopted in part, rejected in part for other reasons*, No. 17-CIV-22556, 2021 WL 1099842 (S.D. Fla. Mar. 23, 2021) (finding § 448.08 inapplicable because "[p]laintiff's Florida law claims were based on [defendant's] alleged violations of Section 447.309(3) and Section 1012.22, not the general labor regulations governed by Chapter 448, Florida Statutes.").

In her Reply, Plaintiff concedes that whether an employee can recover attorneys' fees and costs under § 448.08 for prevailing in an *employer's action for conversion of wages* is one of first impression in this District. (ECF No. 99 at 3). Nonetheless, Plaintiff asks the Court to extend the reach of § 448.08, summarily arguing that "[i]t stands to reason that an employee would be entitled to recover fees under Fla. Stat. § 448.08 if successful on an employer's claim for *return of wages*." *Id.* (emphasis added). The undersigned declines Plaintiff's invitation. Instead, the Court follows Florida's rule of statutory construction "that courts should not depart from the plain and unambiguous language of the statute." *Pena*, 664 So. 2d at 960 (citation omitted). Well-established Florida precedent that "statutes awarding attorney's fees must be strictly construed" further support the undersigned's conclusion. *Id.* (citing *Gershuny v. Martin McFall Messenger Anesthesia Pro. Ass'n,* 539 So. 2d 1131, 1132 (Fla. 1989)); *see also Joseph v. Commonwealth Land Title Ins. Co.,* 707 So. 2d 376 (Fla. 5th DCA 1998) (denying application of Fla. Stat. § 448.08 when suit involved unaccrued wages, not back wages).

Accordingly, Plaintiff's request for fees and costs pursuant to Fla. Stat. § 448.08 should be denied.

### C.     Plaintiff is not Entitled to Fees and Costs under 28 U.S.C. § 1927

Alternatively, Plaintiff requests an award of attorneys' fees and costs directly from opposing counsel, pursuant to 28 U.S.C. § 1927. (ECF Nos. 97 at 9-11, 99 at 1, 4-6). In relevant part, § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Tarasewicz v. Royal Caribbean Cruises, Ltd.*, No. 14-CIV-60885, 2016 WL 3944176, at *3 (S.D. Fla. Feb. 9, 2016); *Barnes v. Frameless Shower Doors & Enclosures, Inc.*, No. 14-CV-62243, 2015 WL 6470318, at *2 (S.D. Fla. Oct. 27, 2015).

In interpreting § 1927, courts have noted that § 1927 "is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Tarasewicz*, 2016 WL 3944176, at *3; *Barnes*, 2015 WL 6470318, at *2 (both cases citing *Peterson v. BMI Refractories*, 124 F.3d 1386, 1396 (11th Cir. 1997)). Rather, sanctions pursuant to § 1927 may be imposed only when the Court finds that: (i) the attorney engaged in unreasonable and vexatious conduct; (ii) the conduct at issue multiplied the proceedings; and (iii) the amount of the sanction has a financial nexus to the excess proceedings. *Peterson*, 124 F.3d at 1396. The first requirement is satisfied only when the attorney's conduct is so egregious that it amounts to bad faith. *See Richards v. Sen*, 825 F. Supp. 2d 1259, 1263 (S.D. Fla. 2010), *aff'd*, 418 F. App'x 921 (Fed. Cir. 2011). In turn, a finding of bad faith is appropriate "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Something more than lack of merit is required. *Id*. (citations omitted). Moreover, a determination of bad faith turns "not on the

6

attorney's subjective intent, but on the attorney's objective conduct." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007).

Finally, "[w]hen assessing the frivolity of a non-prevailing [party's] case, courts 'view the evidence in the light most favorable to [that party].'" *Akkasha v. Bloomingdales, Inc.*, No. 17-CIV-22376, 2020 WL 6820879, at *2 (S.D. Fla. July 20, 2020), *report and recommendation adopted,* No. 17-CIV-22376, 2020 WL 6820878 (S.D. Fla. Sept. 14, 2020) (citation omitted). "[I]n cases where a finding of frivolity has been sustained, the [non-prevailing party] typically failed to introduce any evidence in support of [its] claims." *Id.* at 3. (citation omitted).

Plaintiff argues that she is entitled to fees and costs under § 1927 based on Defendant's filing and prosecution of purportedly baseless counterclaims. *See* (ECF No. 97 at 9-11). In this regard, Plaintiff asserts that "[a]n attorney who fails to abandon a frivolous claim is responsible for his opponent's fees incurred from the point at which counsel should have been aware that a suit would be meritless." *Id*. at 10. According to Plaintiff, the counterclaims for conversion and unjust enrichment were filed "in bad-faith and for no reason other than to harass, annoy, and discourage [Plaintiff] from pursuing recovery of her lawfully earned wages." *Id.* at 6. Among other grounds, Plaintiff argues that defense counsel's bad faith litigation conduct and tactics included counsel's: (i) filing of baseless counterclaims in this lawsuit, as opposed to filing a separate lawsuit, as previously represented, *id.* at 4, 11; (ii) unjustified filing of the counterclaims during a "brief recess" in the middle of Plaintiff's deposition of defendant Lee Brown, *id*. at 5, 9; (iii) failure to provide a damage model or calculation for the counterclaims in its Rule 26(a) disclosures, *id*.; and (iv) opposition to Plaintiff's summary judgment motion despite the deposition testimony of Mr. Bobby Brewster (Defendant's former Human Resources director) negating the merits of the counterclaims, thus vexatiously multiplying the proceedings*, id*. at 9, 11. For the

7

reasons discussed below, however, none of these grounds (either singly or in combination) meet the high burden required to demonstrate bad faith. Therefore, an award of fees and costs is not appropriate under § 1927.

### 1. *Merits of the counterclaims*

Plaintiff argues that the filing of the counterclaims was "a desperate bad-faith attempt by [Defendant] and its counsel to intimidate [Plaintiff] and chill invocation of her federal rights while needlessly increasing her attorney's fees and costs." (ECF No. 97 at 2). In response, Defendant asserts that the counterclaims were filed after Plaintiff admitted during her deposition that she had been paid for days and/or hours that she did not work, which testimony supports the merits of the counterclaims and damages sought.[3] (ECF No. 98 at 6); *see also* (ECF No. 68-1) (Pls. Dep. ¶¶ 227:2-228:8). Against this factual background, the counterclaims cannot be said to be so baseless or frivolous as to rise to the level of bad faith or vexatious litigation. *See, e.g., Dulaney v. Miami-Dade Cty.*, No. 09-CIV-23259, 2011 WL 6754074, at *2 (S.D. Fla. Dec. 22, 2011) (a case is frivolous when plaintiffs "did not introduce any evidence in support of their claims.") (citing *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)). Here, Defendant had at least a colorable claim that Plaintiff had been overpaid and to recoup that overpayment. *See Elessar v. Verizon Wireless Pers. Commc'ns, LLP*, No. 18-CIV-80025, 2020 WL 6156498, at *7 (S.D. Fla. Aug. 26, 2020), *appeal dismissed,* No. 20-13882-HH, 2020 WL 8184456 (11th Cir. Oct. 29, 2020) (declining to find that counsel acted unreasonably, vexatiously or in bad faith even though "the legal positions [plaintiff's prior counsel] took in this matter . . .

---

[3] In its Motion for Leave to File Amended Answer and Add Counterclaim, Defendant STW explained that the counterclaim was appropriate because "it [had] ascertained during the discovery process that Plaintiff was paid wages for hours not worked." (ECF No. 38 at 3).

were exceedingly weak."); *see also Akkasha,* 2020 WL 6820879, at *2 ("[w]hen assessing the frivolity of a non-prevailing plaintiff's case, courts 'view the evidence in the light most favorable to the plaintiff.'").

  2. *Failure to provide damage model or calculation*

Plaintiff argues that Defendant's failure "to ever provide any damage model or calculation concerning the claims for unjust enrichment or conversion," as required by Federal Rule of Civil Procedure 26(a),[4] further establishes that Defendant and its counsel "engaged in blind pursuit of these claims in bad faith." (ECF No. 97 at 2, 5, 6). In response, Defendant points to its Third Amended Initial Disclosures, which explains that damages were based "on Plaintiff's time records, adjustments to same by Bobby Brewster, and Plaintiff's communications with Bobby Brewster." (ECF Nos. 98 at 5, 98-1 at 5). Moreover, according to Defendant, the "method of calculation of damages was clear to all the parties after [Plaintiff's] deposition . . . ." (ECF No. 98 at 6). Lastly, Defendant asserts that even if the disclosure was insufficient, Plaintiff never filed a motion for sanctions or to compel production, and there was no resulting prejudice to Plaintiff. *Id*. at 5, 6.

Under these circumstances, even assuming without deciding that Defendant's disclosure may have been insufficient, a violation of Rule 26(a) is better addressed in a motion to compel or a motion *in limine*, not in a motion for bad faith sanctions under § 1927. *See Select Exp. Corp. v. Richeson*, No. 10-CIV-80526, 2011 WL 13227934, at *2 (S.D. Fla. Apr. 29, 2011) (finding that a

---

[4] Under Federal Rule of Civil Procedure 26(a)(1)(A), the disclosing party must provide a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iii). "By its very definition, the disclosure required by the Rule is one that is capable of computation." *Marine Depot, Int'l, Inc. v. James River Grp., Inc.*, No. 19-CIV-24821, 2020 WL 7864100, at *2 (S.D. Fla. Dec. 30, 2020).

9

party failing to provide Rule 26(a) disclosures may be precluded from introducing such evidence in a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless). Here, the undersigned finds that defense counsel's purported failure to comply with the requirements of Rule 26(a) is insufficient to rise to the level of bad faith conduct warranting sanctions.

   *3.*  *Filing the counterclaims during deposition*

As further evidence of defense counsel's bad faith litigation conduct, Plaintiff points to counsel's tactical decision to interrupt the deposition of defendant Lee Brown, calling for a "brief recess," during which defense counsel filed Defendants' Motion for Leave to File Amended Answer and Add Counterclaim. (ECF No. 97 at 5). According to Plaintiff, counsel "failed to provide any justification as to why there was a good-faith basis for filing [the Motion for Leave to File Amended Answer and Add Counterclaim] in the middle of [defendant] Brown's deposition." (ECF No. 99 at 5). Plaintiff argues that the "prejudice, unfair surprise, and underhandedness [of this conduct] is clearly evident and [defense counsel] could have waited to file the [Motion for Leave to File Amended Answer and Add Counterclaim] after the deposition concluded." *Id*. Although Defendant does not explain the timing of the filing, it argues that Plaintiff was not prejudiced because: (i) Plaintiff had previously been served with an identical draft of the motion; and (ii) the counterclaims were filed after Plaintiff confirmed at her deposition that she had been paid for time that she did not work. (ECF No. 98 at 3-4, 5).

Although the timing of the filing was inopportune and unnecessary, reflecting a lack of collegiality and civility, counsel's conduct is far from the type of egregious conduct that would warrant the imposition of sanctions under § 1927. *See e.g.*, *Barnes*, 2015 WL 6470318, at *3 (declining to award sanctions under § 1927 even where "counsel may have exhibited poor

judgment and . . . lack of collegiality."). Plaintiff was aware from previous discussions with defense counsel that a counterclaim was forthcoming. *See* (ECF No. 97 at 4-5). Indeed, Plaintiff had received a draft of the motion prior to the filing of the counterclaims.[5] (ECF No. 98 at 4).

### 4. *Defendant's overall litigation conduct*

Plaintiff argues that Defendant "embraced nothing short of a scorched earth defense strategy in this case," refusing to entertain Plaintiff's repeated efforts at early settlement discussions, engaging in litigation strategies that lacked basic civility, filing baseless counterclaims, refusing to drop its counterclaims even after its former Human Resources director's (Mr. Brewster) deposition testimony purportedly "debunked the claim," and ultimately making a Rule 68 Offer of Judgment that severely undercut Plaintiff's counsel's fees, which offer was made while Plaintiff's fully-briefed motion for summary judgment was pending before the Court. (ECF No. 97 at 1-2, 3). According to Plaintiff, Defendant ultimately "conceded its defeat" by agreeing to dismiss its counterclaims with prejudice. *Id.* at 2.

The undersigned has carefully considered Plaintiff's various allegations of bad faith. The case was actively litigated by both sides, and aggressively defended through summary judgment until Plaintiff's acceptance of Defendant's Rule 68 Offer of Judgment (on the FLSA claim) and subsequent dismissal with prejudice of Defendant's counterclaims. Although the record demonstrates a lack of collegiality in certain of defense counsel's tactics, and an aggressive defense

---

[5] Relatedly, Plaintiff also argues that Defendant's threat to pursue unspecified claims against Plaintiff and the subsequent filing of the counterclaims instead of a separate lawsuit, as previously discussed by counsel for the parties, evidence defense counsel's bad faith litigation conduct. (ECF No. 97 at 4-5). Plaintiff does not cite any case law supporting this argument. Moreover, the undersigned is unaware of any legal impediment to the filing of a counterclaim in a pending litigation. Thus, the undersigned finds that Defendant's decision to file the instant counterclaims instead of a separate lawsuit also does not amount to bad faith litigation conduct.

11

strategy, counsel's overall conduct in this case falls short of sanctionable bad faith litigation conduct. *See Elessar,* 2020 WL 6156498, at *7 (declining to find that counsel acted unreasonably, vexatiously or in bad faith even though "the legal positions [plaintiff's former counsel] took in this matter . . . were exceedingly weak."); *see also Alexsam, Inc. v. WildCard Sys., Inc.*, No. 15-CV-61736, 2019 WL 2245420, at *9 (S.D. Fla. Feb. 13, 2019), *report and recommendation adopted,* No. 15-CV-61736, 2019 WL 1010241 (S.D. Fla. Mar. 4, 2019) (finding that plaintiff's change of litigation position, initially opposing and later seeking dismissal of defendants' counterclaim, did not support sanctions under § 1927). Hence, Plaintiff's request for fees and costs pursuant to § 1927 should be denied.

### D. Court's Inherent Authority

As a last alternative, Plaintiff argues that attorneys' fees are warranted under the Court's inherent authority.[6] (ECF No. 97 at 1, 8-9). Independent of § 1927, the Court has "an inherent power to regulate litigation and sanction the parties, as well as their counsel, for abusive practices." *Barnes*, 2015 WL 6470318, at *2 (noting that the Court has "an inherent power to regulate litigation and sanction the parties, as well as their counsel, for abusive practices"); *see also Brandt v. Magnificent Quality Florals Corp.*, No. 07-CIV-20129, 2009 WL 899925, at *4 (S.D. Fla. Mar. 31, 2009), *aff'd,* 371 F. App'x. 994 (11th Cir. 2019) (same).

A court's inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017)

---

[6] For the first time in her Reply, Plaintiff requests costs. (ECF No. 99 at 6). However, arguments raised for the first time in a reply are deemed waived and need not be considered. *Infante v. Berryhill,* No. 15-CIV-61252, 2017 WL 1062440, at *8 (S.D. Fla. Mar. 21, 2017) (citing *In re Egidi,* 571 F.3d 1156, 1163 (11th Cir. 2009)).

(citation omitted); *see also Spolter v. Suntrust Bank*, 403 F. App'x 387, 390 (11th Cir. 2010) ("Federal courts have the inherent power to impose sanctions on parties and lawyers."). This power must be exercised with "restraint and discretion" and used "to fashion an appropriate sanction for conduct which abuses the judicial process," such as willful disobedience of a court order, and to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Purchasing Power*, 851 F.3d at 1223 (citations omitted); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) ("Because of their very potency, inherent powers must be exercised with restraint and discretion."). "Thus, courts in this District have held that 'fundamentally penal' sanctions, such as dismissals or an award of attorneys' fees, require proof by clear and convincing evidence." *Tarasewicz*, 2016 WL 3944176, at * 4 (citations omitted).

Like § 1927 sanctions, the invocation of a court's inherent power requires a finding of bad faith. *Purchasing Power*, 851 F.3d at 1223; *Tarasewicz*, 2016 WL 3944176, at *4; *Brown Jordan Int'l, Inc. v. Carmicle*, No. 0:14-CV-60629, 2016 WL 815827, at *35 (S.D. Fla. Mar. 2, 2016), *aff'd*, 846 F.3d 1167 (11th Cir. 2017); *Amlong*, 500 F.3d at 1251 ("[B]efore a court can impose sanctions on an attorney under its inherent powers, it must make a finding of bad faith."). "Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order." *Brown Jordan Int'l*, 2016 WL 815827, at *35 (citation omitted). Accordingly, "sanctions that are impermissible under § 1927 are also impermissible under a district court's inherent powers." *Amlong*, 500 F.3d at 1252. "[T]he threshold of bad faith conduct for purposes of sanctions under the court's inherent powers is at least as high as the threshold of bad faith conduct for sanctions under § 1927." *Id.*

Thus, as with Plaintiff's request for fees and costs pursuant to § 1927, the undersigned finds that, while Defendant and defense counsel may have exhibited poor judgment and a lack of collegiality and civility in some of their dealings with Plaintiff's counsel, the conduct in question was not so egregious as to amount to sanctionable bad faith. *See Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 686-87 (S.D. Fla. 2009) (declining to impose sanctions despite fact that counsel "did not exhibit the collegiality or professionalism expected of attorneys in this District" given the "high standard for an award of sanctions"). Plaintiff has not presented clear and convincing evidence to the contrary. Accordingly, the undersigned recommends that Plaintiff's request for fees pursuant to the Court's inherent authority be denied.

In sum, although Plaintiff is the prevailing party, the undersigned concludes that Plaintiff is not entitled to fees under any statute, contract, or the asserted grounds. Accordingly, the undersigned need not determine the reasonableness of the amount of claimed fees ($68,163.75). (ECF Nos. 97 at 14, 20, 97-1).

### E.    Costs under Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920

Under Federal Rule of Civil Procedure 54, unless a federal statute, the federal rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. Fed. R. Civ. P. 54. Thus, for purposes of Rule 54(d), a prevailing party is entitled to its costs unless the District Court has some special reason to deny the costs. *See, e.g., Quinto v. Universal Parking of Fla., LLC*, No. 15-21055-CIV, 2016 WL 8740232, at *2 (S.D. Fla. June 10, 2016), *report and recommendation adopted*, No. 15-21055-CIV, 2016 WL 8739322 (S.D. Fla. June 30, 2016) ("The presumption in favor of awarding costs to the prevailing party is difficult to overcome, and the district court's discretion is narrowly confined—the court must award costs

unless it states good reasons for denying them."); *see also U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("Prevailing parties are entitled to receive costs under [Rule] 54(d).").

Furthermore, although the Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, the Court may not tax as costs items not authorized by the statute. *See, e.g., Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *W&O*, 213 F.3d at 620 (citing *Crawford Fitting*, 482 U.S. at 445). The items that may be taxed as costs under § 1920 include: (1) fees of the Clerk and Marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) under certain circumstances, compensation of court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920(1)-(6). Lastly, the Court has discretion in determining whether to award costs to a prevailing party, but must give a reason for denying costs. *Head*, 62 F.3d at 354.

Here, Plaintiff requests an award of $3,428.35 in costs incurred in connection with the deposition of defendants Lee Brown ($2,114.65) and Kathy Brown ($1,313.85). (ECF No. 97 at 19-20). In opposing the award of costs, Defendant STW argues that its Rule 68 Offer of Judgment, which Plaintiff accepted, encompassed all costs accrued up to the date the offer was made, which necessarily included the two depositions at issue.[7] (ECF No. 98 at 8). Plaintiff did not address this argument in her Motion or Reply. *See generally* (ECF Nos. 97, 99).

Here, Defendant's Offer of Judgement simply stated:

---

[7] Defendant Lee Brown was deposed on May 22, 2020, and defendant Kathy Brown was deposed on May 28, 2020. *See* (ECF Nos. 54-1, 63-2, respectively).

> Defendants . . . by and through their undersigned counsel, pursuant to Rule 68 Fed. R. Civ. P., hereby offer to allow judgment to be taken against them in favor of Plaintiff . . . in the amount of $4,000.00, exclusive of costs and attorney's fees, and an additional $25,000.00 for costs and attorney's fees.

(ECF No. 82-1 at 1).

Rule 68 provides for a "mandate that an offer include 'costs then accrued.'" *Util. Automation 2000, Inc.*, 298 F.3d at 1241. Here, however, the Offer of Judgment does not specify whether the $25,000 for fees and costs was meant to include all costs accrued to the date of the Offer, or only the costs associated with the FLSA claim that was being resolved. "Rule 68 requires that the responsibility for clarity and precision in the offer must reside with the offeror." *Id.* at 1244.; *see also Williams v. Janice M. Riley, Inc.*, No. 19-CV-62004, 2020 WL 7061552, at *1 (S.D. Fla. Nov. 13, 2020), *report and recommendation adopted,* No. 19-CIV-62004, 2020 WL 7059492 (S.D. Fla. Dec. 2, 2020) (noting that any "[a]mbiguity in a Rule 68 offer is construed against the drafter") (citing *Allen v. City of Grovetown*, 681 F. App'x 841, 844 (11th Cir. 2017)). Accordingly, the Offer of Judgment was at least ambiguous.

That said, however, Plaintiff fails to provide any explanation why defendants Lee and Kathy Brown's deposition, which occurred before the November 12, 2020 Offer of Judgment, *see* (ECF No. 82-1), and which was relevant to both the FLSA claim and the counterclaims, should be separately reimbursed. *See Util. Automation 2000, Inc.*, 298 F.3d at 1241 ("If [a Rule 68] offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs . . . .") (citing *Marek v. Estate of Chesny*, 473 U.S. 1, 5 (1985)). Here, a reasonable reading of the Offer of Judgment leads the undersigned to conclude that it included all costs incurred before the date of the offer, which would include the two

16

depositions at issue in the Motion. Accordingly, Plaintiff's request for these deposition costs should be denied.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Expedited Motion for Attorney's Fees and Costs (ECF No. 97) be **DENIED**.

Within seven (7) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND ORDERED at Chambers, in Fort Lauderdale, Florida, on July 20, 2021.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All Counsel